TOBIAS BURKE *vs.* JOSEPH ROLLINSON *et al.*

PROVIDENCE—JULY 9, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Interpleader. Contracts. Bankruptcy. Partnership.*

A. contracted with B. & C., copartners, to sell to them a saloon for $1,400, $400 to be paid in cash and the property to remain subject to a mortgage to D. of $1,000. There being uncertainty whether B. & C. could obtain a license, it was agreed that A. should deposit a bill of sale with

12

D. ; that B. & C. should deposit $200 with D. on account of the purchase, to be held by him until a license should be granted, when he should deliver the bill of sale to B. & C. upon their payment of $200 more, and that D. should then pay the $400 to A. ; but if the license was refused, then he should pay back the $200 to B. & C. and return the bill of sale to A.   The $200 was deposited, which sum was furnished by B., and the bill of sale was deposited by A.   B. & C. applied for a license, which was granted April 29, 1899 ; but on April 20, 1899, B. filed his petition in bankruptcy, upon which he was adjudged a bankrupt.   After the petition B. & C. refused to complete their contract, and A. surrendered possession to D., the mortgagee and custodian of the bill of sale, electing to claim the $200 in D.'s hands.   The trustee of B. also claimed the sum as assets of the firm.   On interpleader :—

*Held,* that after the granting of the license A. had the right to treat the contract as executed, and became entitled to the sum.

*Held,* further, that, under section 5 (h) of the bankruptcy act, the bankruptcy of one partner does not involve the partnership property ; and as B. paid the sum for the partnership, it did not belong to him simply because he paid it.

INTERPLEADER.   The facts are stated in the opinion.

STINESS, C. J.   This is a bill of interpleader upon the following facts : On March 7, 1899, the defendant Rollinson owned a saloon in Providence, and made a contract with Cady & Fournier, copartners, to sell it to them for the sum of $1,400 —of which sum $400 was to be paid to him in cash and the property to remain subject to a mortgage held by Burke for the remaining $1,000—the payment of which was to be assumed by Cady & Fournier.

As it was not certain that the purchasers, Cady & Fournier, could obtain a license for the sale of liquor in the saloon, it was further agreed that Rollinson should deposit an executed bill of sale with Burke ; that Cady & Fournier should deposit $200 with Burke on account of said purchase, to be held by him until a license should be granted, when he should deliver the bill of sale to Cady & Fournier, upon their payment of $200 more, and that Burke should then pay over the $400 so received to Rollinson and deliver his bill of sale to Cady & Fournier ; but if the license was refused, then he should pay back the $200 in his hands to Cady & Fournier and return the bill of sale to Rollinson.   The sum of $200 was deposited according to the agreement, which sum was furnished by Fournier, and the bill

of sale was duly deposited by Rollinson.   On the day of the agreement Cady & Fournier applied for a license, which was granted April 29, 1899; but on April 20, 1899, Fournier filed his petition in bankruptcy, upon which he was adjudged a bankrupt, and the respondent Church was appointed his trustee in bankruptcy.   After the petition in bankruptcy Cady & Fournier refused to complete their contract to purchase the saloon, and Rollinson surrendered possession thereof to Burke, the mortgagee and custodian of the bill of sale, electing to claim the $200 in Burke's hands rather than to sue for damage for the breach of contract.   The trustee in bankruptcy also claimed the $200 as assets of the firm, and the complainant filed this bill.   The question is to whom the money belongs.

(1)     We are of opinion that the money belongs to Rollinson, because all of the terms of the contract as to the transfer of title were fulfilled.   The only condition which was to defeat the contract was the refusal of a license to Cady & Fournier. Such license having been granted, Rollinson had the right to demand the money in the complainant's hands and also to demand the balance from Cady & Fournier.   The refusal of the defendants to carry out the contract further could not deprive Rollinson of his right under it.   He had the right to treat it as an executed contract on his part, after the granting of the license to Cady & Fournier, and he did so treat it. He could allow the title to pass without receiving the balance of his money if he chose to do so.   There is no suggestion of fraud in the case, and the insolvency of a partner does not directly involve the partnership property, as section 5, h., of the bankrupt law, says:   "In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy," &c.   What Fournier paid was paid for the partnership, and as the money of the partnership, and Rollinson knew nothing to the contrary.   It does not belong to a partner as separate property simply because he paid the money, it being presumed that he will be re-imbursed from the assets of the firm.

We therefore decide that Rollinson is entitled to the fund,

and that the trustee in bankruptcy of Fournier has no title to it.

*John W. Hogan*, for complainant.

*Page & Page, and Cushing*, for respondents.